WAUGHTAL & SONS *et al.,* Appellants, v. DANIEL KANE *et al.*

**Deeds:** RATIFICATION: *Husband and wife.* To prove that a wife ratified a mortgage by her husband, it was shown that she afterwards joined in a quitclaim deed to the land, never disclaimed her husband's act. and made no defense to the foreclosure. *Held,* that this was insufficient, since joining in the deed did not indicate ratification, and, having parted with her interest in the land, there was no occasion for her to disclaim the act or to defend the foreclosure.

**Validity of Mortgage:** ESTOPPEL TO DENY. One party defending against a mortgage alleged that it was collateral, and demanded a marshalling of securities; another being substituted for him,

adopted his answer, and further admitted the mortgage appeared of record, and averred that it was without authority, and void. *Held*, that parties were not estopped by their answer to deny the validity of the mortgage.

SAME: *Assumption.* One purchasing without assuming encumbrances, but expecting to pay the valid liens, is not estopped to dispute their validity.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

WEDNESDAY, MAY 10, 1899.

THE plaintiff firm and the individual members thereof bring this action for judgment on a promissory note dated April 4, 1895, for seven hundred and fifty dollars, executed by the defendants Daniel Kane and W. T. Kane to the plaintiff firm; also for a decree foreclosing a mortgage on real estate described, executed to secure the payment of said note. Judgment was rendered against the plaintiffs dismissing their petition and for costs, from which they appeal.—*Affirmed.*

*F. A. Kirschman* and *T. F. McCue* for appellants.

*Soper, Allen & Alexander* for appellees.

GIVEN, J.—I.   The mortgage in suit describes the following real estate in Palo Alto county:   "The south one-half of the south one-half of section fourteen, in township ninety-six north, of range number thirty-three west of the 5th P. M., Iowa, containing one hundred and sixty acres according to the government survey, subject to a mortgage of one thousand eight hundred dollars given to F. L. Dodge. This land is owned by Daniel and Mary Kane.   Also the south one-half of the northwest quarter, and the north one-half of the southwest quarter, of section 14, in township ninety-six north, of range number thirty-three west of the 5th P. M., containing one hundred and sixty acres, accord-

ing to the government survey, subject to a mortgage of two thousand dollars to John C. Bennett. This land is owned by William T. Kane." Daniel Kane owned one of the forties first described, and he and his wife, Mary, resided thereon as their homestead. Mary Kane owned the other three forties by conveyance from her husband, Daniel, made about the twenty-sixth day of July, 1882. At that time Mary executed a power of attorney to Daniel Kane, authorizing "him in my place and stead to buy, sell, and convey all real estate and personal property, and collect all debts of every nature, whether legacies or interest, and give receipts in my name as full as I could do were I present myself." This instrument was duly acknowledged. The mortgage in suit as set out was executed by "Mary E. Kane, Daniel Kane, Mary Kane, by Daniel Kane, her attorney in fact." The abstract shows the name of "W. T. Kane" to the power of attorney, but not to the mortgage. As it is not claimed that he was a party to the power of attorney, and it is conceded that he was a party to the mortgage, we must assume that this is a mistake; but, whether so or not, it will not affect the question under consideration. The plaintiffs only seek foreclosure as to the land owned by Daniel and Mary Kane, the land of William T. Kane having been exhausted as a security by the mortgage thereon to John C. Bennett. On the fourteenth day of April, 1896, the defendant Celia G. Davies, with full knowledge of plaintiffs' mortgage and of the other lien on said land of Daniel and Mary Kane, purchased said land from them for the consideration of five hundred dollars, receiving their quitclaim deed therefor. After Mrs. Davies had appeared and answered in this case, to-wit, August 14, 1897, she and her husband, for the consideration of one thousand four hundred dollars, conveyed to W. S. Parnham "the same title that we received from Daniel Kane and Mary Kane," which conveyance Parnham received with knowledge of plaintiffs' mortgage and said other liens. Parnham was substituted as a defendant in the

place of Mrs. Davies, and answered, joining issues with plaintiffs. The First National Bank of Emmetsburg, a judgment creditor of Daniel and Mary Kane, also answered, joining issues with plaintiffs. Parnham and the bank alone appear in resistance to plaintiffs claims on this appeal.

II. Appellees' counsel contend and cite authorities to show that this power of attorney does not authorize Daniel Kane to execute mortgages as attorney in fact for Mary Kane. Counsel for appellants say: "Now this is entirely superfluous, as we agree with him on that point. We insist, however, that this unauthorized act of Daniel Kane was ratified and accepted as her act by her conduct after she was apprised of such act." Counsel differ as to whether ratification of such an act must be in writing; but this we do not determine, as we think the evidence fails to show a ratification by Mary Kane in writing or otherwise. Such ratification must be clear and express, or be implied from circumstances equally clear and undisputed. *Haynes v. Seachrest,* 13 Iowa, 455. There is no evidence that Mary Kane every expressly approved of the giving of said mortgage, nor convincing evidence that she knew of it prior to the commencement of this action. The acts relied upon as showing ratification are that Mary Kane joined in the deed to Mrs. Davies, that she has never disclaimed the act, and makes no defense to plaintiffs' mortgage. That she joined in the deed does not even indicate a knowledge of the mortgage, nor an approval thereof. If she did then know of the mortgage, the making of the quitclaim deed does not show ratification of it, but only a willingness, for the consideration received, to part with her interest in the land, whatever it might be. Having conveyed her interest before the commencement of this action, she had nothing left to defend for, and therefore her failure to appear cannot be construed into a ratification of the mortgage. Conditions may exist when not to disclaim an act may constitute a ratification thereof; but such conditions never existed

in this case. Mrs. Kane was never called upon to disclaim
or affirm this mortgage until the commencement of this
action, and, having parted with her interest in the land,
there was no occasion for her doing so then. We agree with
counsel that the power of attorney did not authorize Daniel
Kane to execute this mortgage for and on behalf of Mary
Kane, and we are of the opinion that the evidence fails to
show that Mary Kane ever ratified the act,

III. Appellants insist that Mrs. Davies and Mr. Parn-
ham are estopped by their answers and by the understand-
ing as to plaintiffs' mortgage when Mrs. Davies bought the
land. Mrs. Davies did answer, alleging, in effect,
that the mortgage in question is collateral to one
securing the same indebtedness on certain property
in Estherville, and asking that plaintiffs be required to first
exhaust that property. W. S. Parnham, when substituted
as a defendant, adopted this answer; but he further answered,
admitting that plaintiffs' mortgage appeared of record,
averring "that the same was without authority, without con-
sideration, and absolutely void, and these defendants, Celia
G. Davies and W. S. Parnham, deny each and every allega-
tion in the third paragraph of plaintiffs' petition contained."
The validity of this mortgage was thus put in issue, and
therefore there was no estoppel by the answers.
Neither Mrs. Davies nor Mr. Parnham assumed
the incumbrances on the land, yet, knowing that the
land was liable for valid liens, and that the Kanes were
insolvent, they purchased, expecting to protect the title by
paying the valid liens; but this does not estop them from
questioning the validity of any of said liens. There was
no understanding or agreement that Mrs. Davies or Mr.
Parnham should recognize or pay the plaintiff's mortgage.
It follows from the conclusions that plaintiffs take nothing
by their mortgage as to the interest of Mary Kane in the
lands against which foreclosure is sought. Daniel Kane had
no interest in the three forties belonging to his wife that

he could mortgage, and he could not mortgage the home-stead forty, unless his wife joined in the execution of the same joint instrument.  Code, section 2974.  This Mrs. Kane did not do, and therefore the mortgage is invalid, even as to Daniel Kane's interest in the homestead forty.  In view of the conclusion, other questions discussed need not be considered.—Affirmed.